**MAYER·BROWN**

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

January 10, 2011

**Jean-Marie L. Atamian**
Direct Tel +1 212 506 2678
Direct Fax +1 212 849 5678
jatamian@mayerbrown.com

The Honorable Denis R. Hurley
United States District Court
 for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Bank of America v. New York Merchants Protective Co., Inc., et al.,
               11 CV0038 (DRH)

Dear Judge Hurley:

     We represent plaintiff, Bank of America ("Plaintiff"), in the above referenced action. Pursuant to the Court's directive at the January 5, 2011 hearing on Plaintiff's application for the appointment of a receiver ("Hearing"), initiated by order to show cause, we hereby submit a revised order to show cause ("OSC") for the Court's consideration.

     Although the parties disagree concerning several provisions of the OSC, the OSC has been drafted with the benefit of the Hearing transcript[1] and incorporates certain comments received from Defendants' counsel which were deemed to be consistent with the Court's instructions. Specifically, the Court, in appointing Ronald Friedman to serve as interim receiver, pending the January 18, 2011 evidentiary hearing, vested Mr. Friedman with, *inter alia*, the following powers and authority:

    (1)    "To monitor and control all monies that are received by the defendants as well as all monies that are owed to the defendant[s] during the period of this receivership." (Tr. at 58);

    (2)    "Responsibility to oversee the disbursements of any funds by the defendant entities….directly or indirectly, as he sees appropriate." (Tr. at 58);

    (3)    "And again, part of his monitoring will be to make all reasonable efforts to prevent any dissipation of the assets. And the defendants are under a duty not to dissipate any assets." (Tr. at 59);

    (4)    "To prevent any documents presently on site or under the control of any one or more of the [Defendant] corporations from not being available until this case is

---

[1] A copy of the Hearing transcript is attached for the convenience of the Court.

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia) and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Hon. Denis R. Hurley
January 10, 2011
Page 2

          adjudicated. In other words, no records, no documents should be destroyed [by Defendants]." (Tr. at 59); and,

(5)    "To engage the services of professionals to assist him in performing his role" (Tr. at 61), and that such "services will be a charge against the defendants. The defendants will be required to pay for that" (Tr. at 69).

    Finally, although the receiver, Mr. Friedman, and the forensic accounting firm, TRG, have only been on Defendants' premises since January 6, 2011, it already appears that alarming evidence of further misconduct by Defendants has been uncovered including, but not limited to, the outright destruction of essential business documents, the transfer of other important documents from Defendants' premises to the home of Wayne Wahrsager (one of the two principals controlling Defendants), and the recent fraudulent transfer of assets to affiliated entities or nominees. Such egregious misconduct, coupled with the previously disclosed $30 million check-kiting fraud and the multi-million dollar overadvances that were improperly drawn by Defendants under the loan agreement at issue, may require an expansion of Mr. Friedman's powers and authority prior to the January 18th hearing.

Respectfully submitted,

*Jean-Marie Atamian*

Jean-Marie L. Atamian

Encls
cc:    Jeffrey A. Wurst, Esq. (w/encls)