UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

BANK OF AMERICA, N.A., *individually and as successor to LaSalle Bank, National Association, a national banking association,*

            Plaintiff,

         - against -

NEW YORK MERCHANTS PROTECTIVE CO., INC., NEW YORK MERCHANTS ALARM RESPONSE INC.; and NY MERCH PROT CO., INC.,

            Defendants.

**11 CV 38 (DRH)(ARL)**

--------------------------------------------------------X

RONALD J FRIEDMAN, *as Receiver for New York Merchants Protective Co., Inc., New York Merchants Alarm Response, Inc., and NY Merch Prot Co., Inc.,*

            Plaintiff,

         - against -

WAYNE WAHRSAGER,
AARON WAHRSAGER,
ERIC R WAHRSAGER,
NATIONWIDE CENTRAL STATION MONITORING CO., INC.,
NEW YORK MERCHANTS PROTECTIVE CO., INC., NMP HOLDINGS CORP.
NATIONWIDE DIGITAL MONITORING CO., INC., UNITED STATES MERCHANTS PROTECTIVE CO., INC., NEW YORK MERCHANTS ALARM RESPONSE, INC., NY MERCH PROT CO., INC., SENIORCARE911, LLC,

            Defendants.

**11 CV 815 (DRH)(WDW)**

--------------------------------------------------------X

**ORDER**

**APPEARANCES:**

**LaMonica Herbst & Maniscalco LLP**
Attorneys for Movants
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
By: Joseph S. Maniscalco, Esq.

**Mayer Brown LLP**
Attorneys for Plaintiff Bank of America, N.A.
1675 Broadway
New York, New York 10019
By: Jean-Marie L. Atamian

**Silverman Acampora LLP**
Attorneys for Receiver, Ronald J. Friedman
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
By: Robert J. Ansell

**HURLEY, District Judge:**

Aaron Wahrsager, Eric R. Wahrsager, Nationwide Central Station Monitoring Co., Inc., and United States Merchants Protective Co. (the "Movants"), all of whom are named defendants in the second action captioned above, *Friedman v. Wahrsager, et al.*, No. 11 CV 815 (the "Friedman action"), now move this Court for an order to disqualify TRG Associates, Inc. ("TRG"), whose services were retained by the Receiver in first action captioned above, *Bank of America v. New York Merchants Protective Co., Inc., et al.*, No. 11 CV 38 (the "BOA action"). The Movants file the instant motion to disqualify in both cases. (*See* Docket 11-cv-38, # 24; Docket 11-cv-815, # 38.)

By way of background, plaintiff in the BOA action (the "lender") alleges that the defendants in that action (the "borrowers") "kited" more than $30 million in checks and

misrepresented the amount of company revenue in order to maintain a borrowing level more than twice the level that would otherwise be authorized. (*See* Compl. §§ 4-7.) The lender claims that this alleged fraudulent activity lead to a default by the borrowers on a $17.5 million revolving loan. (*Id.*) The lender sought, and was granted, an emergency request for the appointment of a Receiver to protect the assets of the borrowing company. (Docket 11-cv-38, # 3.) The appointed Receiver, Ronald J. Friedman, Esq., commenced the Friedman action a month after his appointment, seeking, among other things, injunctive relief enjoining defendants from acting to deplete the collateral assets to the loan.

The Movants allege a number of acts and/or omissions by TRG that, they contend, warrant an order compelling the Receiver to terminate TRG's services. The Movants further argue that by being aware of the activities of TRG, and not terminating its relationship with TRG on its own, the Receiver has not acted with the requisite level of impartiality. The Movant's application rests primarily on the following factual assertions:

1. The Order appointing the Receiver allowed the Receiver to employ John Brady of TRG to provide forensic accounting services. The Movants claim, however, that the mission statement on TRG's website does not "refer to forensic accounting services" nor does John Brady's online resume, which, while identifying him as an accountant, fails to claim he has any expertise in "forensic accounting." (Maniscalco Affirm. ¶¶ 8-9.)
2. The Movants claim that TRG is operating under a conflict of interest because the firm previously "represented the interests of the Defendants"[1] in a separate state court litigation in 2008 by providing a "valuation report." (*Id.* ¶ 13.) According to the Movants, TRG gained "extensive inside information with respect to the

---

[1] The Movants attach a stipulation from that state court action, which lists the defendants as Nationwide Digital Inc., Nationwide Digital Monitoring Co. Inc., Mark Fisher, Eric Wahrsager, Aaron Wahrsager, Wayne Wahrsager, New York Merchants Protective Co., Inc. Seniorcare911, LLC, Daniel Hirschel, and Anthony P. Covalita. (Stipulation dated 2/26/2009, attached to Motion to Disqualify as Ex. B.)

3

> Defendants" and that TRG "is now using that information . . . and improperly conveying it to the Receiver." (*Id.* ¶¶ 12, 15.)
> 3. Based on the fact that the Receiver attached a purportedly confidential settlement stipulation entered in the state court action to papers filed in this case, the Movants are generally "concerned" that TRG is disseminating unspecified "confidential and proprietary information." (*Id.* ¶ 19.)

Although the Movants do not identify the decisional or statutory authority under which they now move, the Court construes their motion as brought pursuant to Rule 60(b), Fed. R. Civ. P., seeking relief from the Order entered in the BOA action appointing the Receiver and granting him the power to "retain, employ, and pay for the services of individuals or firms selected by the Receiver in his discretion to assist in the performance of the Receiver's duties . . . ." (Docket 11-cv-38, # 11, ¶ 13.)[2] Absent from the parties' submissions, however, is an explanation as to how the Movants have standing to bring the instant motion. Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). The Receiver was appointed by Order in the BOA action to oversee the operations of New York Merchants Protective Co., Inc. ("NYMP") and protect the lender's assets; the Movants here (*viz.* Aaron Wahrsager, Eric R. Wahrsager, Nationwide Central Station Monitoring Co., Inc., and United States Merchants Protective Co.[3]) are not parties to that action.

On rare occasions, the Second Circuit has conferred standing on a non-party to bring a Rule 60(b) motion where the non-party demonstrated that they were "sufficiently connected and identified with the suit," *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982), or where "its interests are strongly affected," *Grace v. Bank Leumi Trust Co.*, 443 F.3d

---

[2] When the Movants filed the instant motion, they were under the mistaken impression that docket entry 12 in the BOA action defined the Receivers' powers. It has since been clarified on the record that a separate Order consented to by the parties (docket 11-cv-38, entry no. 11) is the operative Order in that regard.

[3] New York Merchants Protective Co. and United States Merchants Protective Co. are separate corporate entities.

180, 188 (2d Cir. 2006)(citing *Lawrence v. Wink (in Re Lawrence)*, 293 F.3d 615, 627 n. 11 (2d Cir. 2002)). In each case, the Circuit limited its holding to the particular facts of that action, but nevertheless grounded its decisions in the "principles governing standing." *Grace*, 443 F.3d at 188.

It is clear that the Movants are connected in some respect to the Receiver's activities. Eric and Aaron Wahrsager, for example, are former officers of NYMP. However, the instant motion fails to demonstrate that they are connected in any material way to the acts of the Receiver or TRG sufficient to confer standing to move to disqualify TRG. It is not enough that the Movants may have a grievance against TRG; their interest must have a sufficient nexus and identification "with the suit" in order to move herein. To the extent that the alleged conflict of interest is relevant to NYMP's interest, it is of no consequence to the Movants in the context of these lawsuits. *Cf. Rosner v. Jiro Trading Corp.*, No. 96 CIV 0049, 1996 U.S. Dist. LEXIS 7922, *3 (S.D.N.Y. June 11, 1996). Although, the Court notes, this motion was simultaneously filed in the Friedman action, where the Movants are all defendants, it nevertheless seeks relief from an Order entered in the BOA action. The movants have failed to demonstrate standing to bring this motion in either case.

As the Movants do not have standing to bring the instant motion, their application to disqualify TRG is hereby denied.

SO ORDERED.

Dated: Central Islip, New York
      May 2, 2011

                                                                /s/
                                            Denis R. Hurley
                                            Unites States District Judge