```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BANK OF AMERICA, N.A., *individually and*
*as successor to LaSalle Bank, National*
*Association, a national banking association,*                    **ORDER**
                                                                   **11 CV 38 (DRH)(ARL)**
                              Plaintiff,

        - against -

NEW YORK MERCHANTS PROTECTIVE
CO., INC., NEW YORK MERCHANTS
ALARM RESPONSE INC.; and NY
MERCH PROT CO., INC.,

                              Defendants.
----------------------------------------------------------X
```

**HURLEY, District Judge:**

Before the Court is a motion by Ronald J. Friedman, Esq. ("Friedman"), Receiver for New York Merchants Protective Co., Inc. ("NYMP"), New York Merchants Alarm Response, Inc., and NY Merch Prot Co., Inc., seeking an Order from this Court authorizing the issuance of "first-priority secured receiver certificates" to plaintiff Bank of America, N.A. ("BOA"). The stated purpose of the debt instrument is to allow BOA to make "additional protective advances" in order to "continue to preserve and recover the Defendants' assets for the benefit of the Defendants' creditors." (Docket No. 44.) The certificates would entitle BOA to a secured "first-priority" right to recover the monies advanced, ahead of all other creditors. As explained *infra*, the Receiver's application is denied without prejudice pending further notice to the estate's creditors, and further explanation as to the necessity for, and amount of, the proposed certificates.

*Receiver's Certificates*

Whereas the statutory and decisional law pertaining to the issuance of receiver's certificates in bankruptcy court is well defined, *see, e.g.,* 11 U.S.C. § 364, there is a relative dearth of authority regarding the issuance of such certificates by an equity court. As evidence of this fact, none of the cases cited by the Receiver in support of his application were decided within the last 80 years. (*See* Memo of Law in Support of the Receiver's Motion ("Receiver's Memo"), docket no. 44.) Nevertheless, "[i]t has long been the practice, both in equity receiverships and in reorganization proceedings . . . for courts to authorize the issuance of certificates priming claims that would otherwise be entitled to prior payment." *In re Texlon Corp.*, 596 F.2d 1092 (2d Cir. 1979). However, when granting leave to issue certificates with priority over existing liens, equity courts traditionally distinguish between cases involving railroads and other quasi-public corporations, and those involving private corporations. *See* Ralph Ewing Clark, *A Treatise on the Law and Practice of Receivers* ("*Treatise*"), §§ 465-67, 470 (3d ed. 1992); *see also*, *Knickerbocker Trust Co. v. Oneonta, C. & R. S. R. Co.*, 201 N.Y. 379, 385 (N.Y. 1911)("A railroad, and its appurtenances, is a peculiar species of property. . . a railroad is a public concern.").[1]

Certificates issued by the receiver of private corporations do not displace prior liens, except where they are necessary to preserve "the property from deterioration pending the winding up of the business and settlement of the receivership. . . . Receiver's certificates will not be issued to operate a private business, with few exceptions." *Id.* §470 at 770 (citing, *inter alia*, *Royal Indem. Co. v. Franklin-Kellum Co.,* 248 N.Y. 562, 162 N.E. 525 (N.Y. 1928)); *see also Raht v. Attrill*, 106 N.Y. 423, 436-37 (N.Y. 1887)("There must be something approaching a

---

[1] The Receiver here relies in his request on *Vilas v. Page*, 13 N.E. 743 (N.Y. 1887), a case involving the creation of first-lien debts on two railroad mortgages. Greater restraint attends the formation of such debts where a private corporation is involved.

demonstrable necessity to justify such an infringement of the rights of the mortgagees. . . It would be unwise, we think, to extend the power of the court in dealing with property in the hands of receivers to the practical subversion or destruction of vested interests."). Where private corporations are involved, "the issuance of receiver receivers' certificates priming other claims [is] limited to the incurring of debt needed for the 'preservation' as distinguished from continued operation of the property." *In re Texlon,* 596 F.2d at 1096 n.3.

The equity court's power to issue certificates with first-lien priority is "to be exercised with great caution; and, if possible, with the consent or acquiescence of the parties interested in the fund." *Wallace v. Loomis*, 97 U.S. 146, 162 (1877); *see also Raht*, 106 N.Y. at 434 ("[T]he receiver, or those lending money to him or certificates issued on orders made without prior notice to parties interested, take the risk of the final action of the court in regard to the loans.").

### *The Non-Parties' Standing to Oppose the Motion*

Opposition to the Receiver's instant motion was filed on behalf of nonparties Aaron and Eric Wahrsager, Nationwide Central Station Monitoring Co. ("Central Station"), Inc., United States Merchants Protective Co., Inc., Kenneth Kirschenbaum, and Wayne Wahrsager. These individuals and entities, with the exception of Mr. Kirschenbaum, are all defendants in the related pending action *Friedman v. Wahrsager, et al.*, 08 CV 815 (DRH), and each describe themselves herein as "creditors of [NYMP]." (Maniscalco Aff. in Opp. ¶ 1.) The Receiver argues that these "creditors" do not have standing to oppose the instant motion, citing to a previous Order of this Court which found that they did not have standing to bring a motion to disqualify Friedman as the Receiver. (Receiver's Reply Memo at 3-4 (citing docket no. 39).)

The non-party creditors, however, come before the Court now in a different context, *viz.* as potentially affected creditors.

The Court notes, however, that not all of the non-parties herein provide the specific basis for their claim that they are creditors to the defendants.[2] Assuming, however, that this self-classification is valid, and to the extent that their purported interest in existing debts would be displaced by the issuance of first-lien certificates, they would also have standing to object to the issuance these certificates. The Court will therefore consider the non-parties' submissions, assuming the Receiver renews the instant application and in doing so addresses the deficiencies detailed below.

This conclusion, however, should not be construed to confer standing on these non-parties for any other purpose, particularly to advance arguments made under Point III of their opposition brief, which claim that the "Receiver has failed to remain independent," and which largely revisit the same arguments made in their previous motion to disqualify the Receiver.

*The Receiver's Request*

The Receiver seeks leave to issue the certificates herein "only to preserve or recover assets of the receivership estate in advance of a sale of Defendants as a going concern." (Receiver's Memo at 4.) Further "protective advances" for the purpose of preserving the estate will, the Receiver argues, only be made by plaintiff Bank of America if they are secured on a first-priority basis, ahead of all other creditors. Preservation of company assets is a valid basis to

---

[2] As stated in the affidavit of Aaron Wahrsager (attached to the Maniscalco Decl.), Central Station claims that it is owed over $100, 000 by the defendant companies for, *inter* alia, monthly monitoring charges. (A. Wahrsager Aff. ¶ 3.) Mr. Kirschenbaum claims that NYMP owes him rent. The Court is also not unaware of Eric Wahrsager's separate action before this Court against the Receiver for allegedly failing to pay him past wages. It is not clear, and the non-party creditors do not specify, whether any of the purported debts have been perfected.

issue first-priority certificates, even where that form of preservation involves the continued operation of the business until it is later sold. *Treatise*, § 470(b). However, the Court is attentive to its charge to authorize such certificates only "with great caution." *Wallace*, 97 U.S. at 162. With this in mind, the Court will not grant the Receiver such authority without a greater explanation of the expenses covered by these certificates, or, at the very least, an approximation of the likely total dollar amount of additional debt that the certificates are intended to secure.

Further, the Receiver represents that few of the estate's assets are unencumbered. (Receiver's Memo at 4.) Although the Receiver states in his accompanying declaration that he has conferred with the "subordinate debt holder for NYMP" (Friedman Decl. ¶ 5), there is no indication that all parties whose interest in the estate may be displaced by the certificates have been notified. Given the general principle that such notice should precede the authorization and issuance of the requested certificates, the Court cannot grant Receiver the relief requested absent evidence that all of those parties have been so notified. The Receiver's request is therefore denied without prejudice pending such notice. Subsequent applications to this Court, as well as notice to affected creditors, shall include an explanation of the purpose of the certificates, and an estimate of the total value of certificates to be issued, as set forth above.

*Monthly Reports*

The Court directs the Receiver's attention to the excerpted transcript submitted with Wayne Wahrsager's affidavit in opposition to the instant motion, and attached hereto. The excerpt details the Receivers reporting obligations to the Court, which was to start on the first day of June 2011. (Transcript of April 27, 2011 Proceeding at 44:2-18.) No reports have been filed. The Court incorporates the relevant portion of the transcript herein and directs the

Receiver to comply accordingly. The initial report, now delinquent, detailing the enumerated expenditures for the month of May, shall be submitted by June 30, 2011. Each subsequent report shall be submitted on the first business day of each month, and shall specify the relevant expenditures of the previous month.[3]

## *Conclusion*

Accordingly, the Receiver's application for leave to issue first-priority certificates is denied without prejudice. The non-party creditors' request for oral argument regarding the Receiver's request is denied as moot. (*See* docket no. 58.)

SO ORDERED.

Dated: Central Islip, New York
　　　 June 24, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Unites States District Judge

---

[3] The deadline for the June report is hereby extended to July 6, 2011.