UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BANK OF AMERICA, N.A., *individually and as successor to LaSalle Bank, National Association, a national banking association,*

                    Plaintiff,

            - against -

NEW YORK MERCHANTS PROTECTIVE CO., INC., NEW YORK MERCHANTS ALARM RESPONSE INC.; and NY MERCH PROT CO., INC.,

                    Defendants.
----------------------------------------------------------X

**11 CV 38 (DRH)(ARL)**

RONALD J FRIEDMAN, *as Receiver for New York Merchants Protective Co., Inc., New York Merchants Alarm Response, Inc., and NY Merch Prot Co., Inc.,*

                    Plaintiff,

            - against -

WAYNE WAHRSAGER,
AARON WAHRSAGER,
ERIC R WAHRSAGER,
NATIONWIDE CENTRAL STATION MONITORING CO., INC.,
NEW YORK MERCHANTS PROTECTIVE CO., INC., NMP HOLDINGS CORP.
NATIONWIDE DIGITAL MONITORING CO., INC., UNITED STATES MERCHANTS PROTECTIVE CO., INC., NEW YORK MERCHANTS ALARM RESPONSE, INC., NY MERCH PROT CO., INC., SENIORCARE911, LLC,

                    Defendants.
----------------------------------------------------------X

**11 CV 815 (DRH)(ARL)**

# ORDER

**HURLEY, District Judge:**

As directed by the Court, counsel for Mr. Wahrsager, Gary Fischoff, submitted a letter in support of his request that the Receiver be directed to issue a retainer check to his firm to defend New York Merchants Protective Co. ("NYMP"), Inc. in *Bank of America, N.A. v. New York Merchants Protective Co. Inc., et al.*, No. 11 CV 0038 ("BOA action"). (*See* 11 CV 815, docket no. 91.) The Receiver has addressed this issue in prior submissions to the Court, but has not responded directly to Mr. Fischoff's most recent letter. The Court therefore assumes that the Receiver is relying on those prior submissions. The Court has considered the arguments from both sides and grants Mr. Fischoff's request in part and denies it in part.

The Bank of America brought an action against NYMP, and as such, NYMP should be in a position to defend itself in that action. The Receiver, however, has reviewed the case and determined that in his "business judgment," expending resources to commence or defend litigation on behalf of the company would not be in NYMP's best interest. Mr. Fischoff responds that such a determination should not be made by the Receiver because Bank of America "exercise[s] substantial control over NYMP." (11 CV 815, docket no. 91 at 3.) The Court views that statement as problematic.

Mr. Friedman was appointed as Receiver by this Court at the recommendation of the plaintiff, Bank of America, tasked with the obligation to, *inter alia*, prevent a further dissipation of corporate assets to the detriment of Bank of America and other corporate creditors. While the Receiver owes a fiduciary duty to NYMP and its creditors, *see*

*Golden Pac. Bancorp v. FDIC*, 375 F.3d 196, 201 (2d Cir. 2004), the Court finds, under the circumstances, that it would be more appropriate for separate counsel to determine a suitable course of legal action for the company.

However, Mr. Fischoff's firm currently represents a number of defendants in *Friedman v. Wahrsager, et al.*, No. 11 CV 815 (the "Friedman Action"), including Wayne Wahrsager, the founder of NYMP. NYMP, by way of its Receiver, has brought an action against Mr. Wahrsager for, among other things, the alleged fraudulent conveyance of company assets and customer accounts to Nationwide Central Station Monitoring Co., Inc. for no consideration "in an effort to prevent Bank of America, N.A. . . . from recovering upon its $17,500,000 unpaid loan to NYMP." (Friedman Action Amended Complaint, ¶ 1, 11 CV 815, docket no. 22.) Given these claims, Mr. Fishoff's firm's simultaneous representation of Wayne Wahrsager and NYMP raises the spectre of a significant conflict of interest.

The Court therefore directs the Receiver to allocate $10,000 from the gross revenues of NYMP to retain Jeffrey G. Stark, Esq., of Meyer, Suozzi, English & Klein, P.C., to represent all three defendants in the BoA action for the limited purpose of evaluating those companies' potential defenses to this action.[1] Reasonable hourly fees for Mr. Stark's representation shall not exceed $500 per hour. To the extent that Mr. Stark's representation does not utilize the full retainer, the unused monies will be returned to NYMP. In the event that the cost of his representation exceeds the amount of the retainer, an application must be made to the Court for further payment. The Receiver

---

[1] Mr. Stark's representation shall not take effect until such time as he files an electronic notice of appearance on behalf of defendants.

shall remit payment of the retainer as soon as practicable, but not more than twenty one days from the date of entry of this Order.

SO ORDERED.

Dated: Central Islip, New York
June 29, 2011

                                                    /s
                                        Denis R. Hurley
                                        Unites States District Judge