UNITED STATES OF AMERICA
EASTERN DISTRICT OF NEW YORK
------------------------------------X
BANK OF AMERICA, N.A., individually
and as successor to LA SALLE BANK,
NATIONAL ASSOCIATION, A NATIONAL
BANKING ASSOCIATION,                          MEMORANDUM AND ORDER
                                              11-CV-0038 (DRH)(ARL)
                Plaintiff,

        -against-

NEW YORK MERCHANTS PROTECTIVE CO.,
INC., NEW YORK MERCHANTS ALARM
RESPONSE INC., and NY MERCH PROT
CO., INC.,

                Defendants.
------------------------------------X

HURLEY, Senior District Judge

       On June 20, 2011, I indicated orally during a status conference that, on the first day of each month, the Receiver should provide me with documentation concerning the amount of compensation he has received for the preceding month, as well as the monies received by his counsel and TRG as his on-site consultant for that period.

       By letter dated July 24, 2011, the Receiver sent me "copies of statements [he] forwarded to Bank of America, N.A. on June 13, 2011." Receiver's July 24, 2001 Letter at 1. Those summary statements, however, lack the specificity needed by the Court to appropriately monitor the receivership.

       By way of supplementing my oral June 20th Order:

       (1) With respect to the counsel fees incurred, the Court directs the Receiver to submit a monthly statement from the

law firm indicating the name of the individual rendering the service, the date and specifics of the service provided, the hours or fractions thereof devoted to the task, along with the corresponding hourly rate.  Moreover, as to the hourly rate charged for each service provider, I will need sufficient background information to assess the reasonableness of that rate, such as e.g., whether the provider is an attorney or paralegal, his or her educational background, experience, and fees charged in other matters.

(2) With respect to TRG, again greater specificity is required.  Thus, for each TRG officer, employee or independent contractor, not only must the date, hours and rate of pay be provided, but also the specific task or duties performed by that individual.

(3) The Court recognizes that numerous and sundry expenses almost surely are incurred on a repetitive basis by the Receiver, TRG, and counsel with respect to New York Merchants Protection Co., Inc.  Accordingly, specificity as to their expenses is not required, except to the extent a given expense exceeds $250.  For expenses in the later category, the date, nature, and need for incurring the expense shall be provided with particularity.  For other expenses i.e. those of $250 or less, a recitation of simply the first two items will suffice.

(4) The Receiver is entitled to a commission under

N.Y. CPLR § 8004(a) "not exceeding five percent upon the sums received and disbursed."  For the May 1, to May 31, 2011 period, the Receiver reported in his June 24, 2011 letter, that his commission was $25,584.54.  That figure presumably was taken from some sort of journal or other document maintained by the Receiver listing his disbursements during the subject period.  That underlying documentation shall be provided to the Court.

As to the date by which the Court expects the Receiver's monthly reports to be as detailed above, I indicated in the June 20th Order that the Receiver's reports "were due . . . on the first day of each month."  June 20, 2011 Tr. at 44.  However, upon further reflection that timetable is adjusted so that henceforth the report should be in my hands on or before the 15th of each month to cover the preceding calendar month.  By way of example for the month of July, 2011, I anticipate receiving the statement for that period on or before August 15, 2011.

This decision is not retroactive, meaning that its specificity requirements are not applicable to the Receiver's July 24, 2011 submission or the one due for July, given, inter alia, the arguable imprecision of my earlier oral directive, and the likely difficultly of reconstructing the records with the required specificity after-the-fact.

The above constitutes the decision and order of the Court.

SO ORDERED.

Dated: July 8, 2011
      Central Islip, New York

                                            /s/
                                  DENIS R. HURLEY
                                  United States District Judge